IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ron Santa McCray, #353031, | C/A No.: 1:22-1204-TLW-SVH |
| Petitioner, | |
| vs. | ORDER |
| Warden at Lieber Correctional Institution, | |
| Respondent. | |

Ron Santa McCray ("Petitioner"), proceeding pro se, filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), and Petitioner's latest filed motion. [ECF No. 70].

Petitioner's motion is denied to the extent that Petitioner seeks a stay in this case. Petitioner argues that his filing of a writ of mandamus with the Fourth Circuit seeking the court to order the undersigned as well as other judges in this district to recuse themselves and to transfer this case for multi-district litigation review deprives this court of jurisdiction over this case and/or necessitates the court stay the instant case until the Fourth Circuit resolves Petitioner's writ.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380

(2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *Murphy-Brown*, 907 F.3d at 795. Additionally, mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

Petitioner does not provide authority to support his position that the court has been deprived of jurisdiction in this instance, and there is authority holding otherwise. *See, e.g., Farrell v. US Bank Nat'l Assoc.*, C/A No. 14-11781, 2015 WL 13035017, at *1, n. 1 (E.D. Mich. Jan. 15, 2015) ("[T]he filing of a petition for a writ of mandamus [in the court of appeals] does not divest this district court of jurisdiction, nor does its pendency have the effect of staying proceedings in the district court.") (citing *Hubbard v. Midland Credit Mgmt., Inc.*, C/A No. 1:05-0216-DFH-TAB, 2009 WL 2148131, at *1 (S.D. Ind. Jul. 6, 2009))); *see also Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007) ("[P]etitions for extraordinary writs do not destroy the district court's jurisdiction in the underlying case."); *Clark v. Taylor*, 627 F.2d 284, 288 (D.C. Cir. 1980) ("[T]he trial court had not lost its jurisdiction because the appellate court was entertaining an application for writ of mandamus."); *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022) ("But the filing of a mandamus petition didn't divest the district court of jurisdiction.").[1]

---

[1] As to Petitioner's pending direct appeal of this court's denial of his motion to

2

Moreover, the Fourth Circuit frequently dismisses petitions for mandamus relief as moot because the district court entered an order after the petition was filed. *See, e.g., In re Nabaya*, 831 F. App'x 672, 673 (4th Cir. 2020) ("to the extent that Nabaya seeks an order directing the district court to act on these motions, we deny the mandamus petition as moot," where the district court had denied the relevant motions). This practice indicates a district court does not lose jurisdiction over a case after a petitioner has filed a petition for writ of mandamus.

For the foregoing reasons, Petitioner's motion, to the extent that it seeks a stay, is denied. [ECF No. 70]. Petitioner is reminded of the court's previously issued order, directing him to respond to Respondent's motion for summary judgment no later than October 24, 2022. [ECF No. 68].

IT IS SO ORDERED.

September 29, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

---

intervene, a "district court's denial of a motion to intervene is 'treated as a final judgment that is appealable.'" *Sharp Farms v. Speaks*, 917 F.3d 276, 289 (4th Cir. 2019) (citing *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 207 (4th Cir. 2006)). Additionally, "the filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Respondent's pending motion for summary judgment includes multiple dispositive arguments, for example concerning the statute of limitations applicable to this case, unrelated to Petitioner's direct appeal.