UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ron Santa McCray, #353031, | Case No. 1:22-cv-1204-TLW |
| PETITIONER | |
| v. | ORDER |
| Warden at Lieber Correctional Institution, | |
| RESPONDENT | |

Petitioner Ron Santa McCray ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent has moved for summary judgment. ECF No. 66. The matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Shiva V. Hodges. ECF No. 81. In the Report, the magistrate judge recommends granting Respondent's motion for summary judgment on the basis that the petition is barred by the applicable statute of limitations. *Id.* This decision would render the remaining of Petitioner's motions moot. For the reasons set forth herein, the Court **ACCEPTS** the Report, ECF No. 81. Respondent's motion for summary judgment, ECF No. 67, is **GRANTED.** The petition is **DENIED** and **DISMISSED** as untimely. Further, Petitioner's remaining motions are **DENIED** as **MOOT**.

## MOTIONS PENDING BEFORE THE COURT

Before discussing the instant Report, the Court will first set forth the currently pending motions. These motions are identified by their docket number and description:

(1) ECF No. 22: motion for default judgment; motion to file objection to respondent's response dated May 24, 2022; motion to strike due to fraud and violation; motion for an evidentiary hearing; motion for to transfer this case to the trustee; motion to challenge the court's jurisdiction renewing all previously filed motions, petitions, defenses, and motion to motion therefor filed by Petitioner and Lawrence Crawford;[1]

(2) ECF No. 36: motion to challenge the district court's jurisdiction to issue a report and recommendation, and motion to vacate filed by Petitioner and Lawrence Crawford;

(3) ECF No. 48: motion to make a more definite and certain statement pursuant to Rule 12(e), F.R.C.P. by Respondent, and

(4) ECF No. 67: motion for summary judgment by Respondent.

The parties have filed several other motions which have been addressed by the magistrate judge. Regardless, for the reasons set forth herein, the Court accepts the magistrate judge's recommendation to grant Respondent's motion for summary judgment and dismiss the petition as untimely. Any remaining outstanding motion will, therefore, be denied as moot.

## BACKGROUND

As outlined in the magistrate judge's detailed 30-page Report, the underlying facts of this case are long, complex, and took place over the span of 10 years. The Court, therefore, adopts the facts as outlined in the Report. Those facts are as follows:[2]

---

[1] Crawford is a fellow inmate of Petitioner whose name often appears on Petitioner's pleadings and other filings. Crawford previously filed a motion to intervene in this action asserting that he "is the fiduciary heir and member of the sole corporation and [Petitioner] is the beneficiary of the trust . . . ." ECF No. 8–1 at 4. The magistrate judge denied this motion finding that Crawford, as a party with "a derivative or tangential interest in the outcome in a habeas action [is] not entitled to intervene." ECF No. 11 at 1 (citations omitted).

[2] For ease of reading, the Court has removed docket citations, internal citations, and some footnotes. Additionally, the Court has added headings where necessary.

**A.    PETITIONER'S STATE CONVICTION AND APPEAL**

Petitioner is an inmate incarcerated within the South Carolina Department of Corrections at Liber Correctional Institution. Petitioner was indicted at the July 2011 term of the Berkeley County Grand Jury for one count of murder, proceeded to a jury trial where he was found guilty as indicted, and sentenced by the Honorable Kristi Lea Harrington, Circuit Court Judge, to a term of life imprisonment.

A notice of appeal was filed on Petitioner's behalf and an appeal was perfected by James Falk, Esq. *State v. McCray*, 773 S.E.2d 914 (S.C. Ct. App. 2015). In this appeal, Petitioner challenged the circuit court's decisions to allow a witness to testify as an expert in DNA analysis, to deny his request to admit evidence concerning the decedent's criminal history, and to deny his request to conduct certain cross-examination of two witnesses. The South Carolina Court of Appeals ("Court of Appeals") affirmed Petitioner's conviction and sentence in a published opinion on June 24, 2015. The remittitur was issued on July 14, 2015.

**B.    PETITIONER'S FIRST PCR APPLICATION.**

Petitioner filed an application for post-conviction relief ("PCR") on November 25, 2015, and an amended application on August 11, 2016, in which he challenged actions taken, or not taken, by both his counsel and the prosecution during his trial. Respondent made its return on June 9, 2016. An evidentiary hearing into the matter was convened on August 2, 2017, at the Charleston County Courthouse before the Honorable Michael Nettles, Circuit Court Judge ("the PCR Court"). Lance Boozer, Esq., represented Petitioner. Lindsey McCallister, Esq., of the South Carolina Attorney General's Office, represented Respondent. At the hearing, Petitioner testified on his own behalf, along with his trial counsel Christopher Biering, Esq. On September 6, 2017, the PCR Court denied and dismissed the PCR application with prejudice by order of dismissal filed September 14, 2017.

Petitioner appealed the denial of his first PCR application by way of a *Johnson* petition for writ of certiorari filed in the South Carolina Supreme Court, received by the court on July 30, 2018. The *Johnson* petition focused on Biering's failure to object to certain hearsay testimony.[3] Appellate counsel, Robert Dudek, certified the appeal was without merit and asked to withdraw. Petitioner filed a pro se response

---

[3] As noted by the magistrate judge, a *Johnson* petition is the state PCR appeal analogue to an *Anders* brief, a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), and effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

to the *Johnson* petition, received by the court on September 18, 2018. This response included further claims of ineffective assistance of trial counsel. The South Carolina Supreme Court transferred the appeal to the Court of Appeals, dated September 19, 2018. The Court of Appeals denied certiorari and granted appellate counsel's request to withdraw. The remittitur was issued on August 5, 2020, and filed August 7, 2020.

Petitioner's request that the remittitur be recalled was denied by the Court of Appeals on September 2, 2020. Petitioner then tried to file a petition for writ of *certiorari* in the South Carolina Supreme Court, but it was denied on December 8, 2020 (filed December 15, 2020), because the South Carolina Supreme Court had already transferred the appeal to the Court of Appeals.

### C.    PETITIONER'S SECOND PCR APPLICATION

Petitioner filed a subsequent PCR application, prior to resolution of his first, the court received on August 8, 2019. The state sought to dismiss the application on the basis it was time barred and improperly successive. In an order filed April 23, 2021, the Honorable Roger M. Young, Circuit Court Judge, conditionally dismissed the second PCR application on the grounds it was time barred and improperly successive under state law "unless Applicant can provide a sufficient reason why he should be allowed to proceed forward on this untimely action" and "sufficient reasons why the successive action should be allowed to proceed forward" within twenty days. In response, Petitioner asked his case to be transferred to the "3rd. Circuit Court of Appeals," along with numerous other cases including a case involving Lawrence Crawford, arguing the cases, and orders issued in those cases, "involve[] . . . fraud upon the court and unconstitutional action which presents a challenge to the court's jurisdiction rendering those orders void for that unconstitutional action as well as the convictions attached to them."

Additionally, Petitioner filed in the South Carolina Supreme Court a petition for writ of certiorari and numerous other filings from November 20, 2020 to May 27, 2021. These filings were dismissed by the South Carolina Supreme Court on August 6, 2021, pursuant to SCACR 245 and *Key v. Currie*, 406 S.E.2d 356 (S.C. 1991). Petitioner then filed on August 29, 2021, along with Crawford, a document entitled In re: to Filing Petition to Invoke the S.C. Supreme Court's Original Jurisdiction for the Sake of Establishing 28 U.S.C. Section 1407 Transfer. The South Carolina Supreme Court dismissed the matter on August 11, 2022, pursuant to *Key v. Currie*, 406 S.E.2d 356 (S.C. 1991).

### D.  PETITIONER'S § 2254 PETITION

Petitioner informs the court that he and Crawford currently have a petition pending before the United States Supreme Court, but, in an abundance of caution, he filed the instant habeas petition because of concerns about timeliness.

Petitioner filed the instant habeas petition on April 13, 2022. Although not clear, Petitioner appears to assert the same grounds in support of his habeas petition [as those] asserted by him, Crawford, and others in their petition to the Supreme Court . . . .

(ECF No. 81 at 1–8).

Following the filing of his petition, Petitioner filed several other motions, along with supplements, some of which—as noted above—are currently pending. For sake of brevity, the Court will condense the Report's history of these motions down to the following timeline:

April 27, 2022:    ECF No. 8: Petitioner filed a motion to intervene, in which Petitioner and Crawford sought to permit Crawford to intervene in the present case, the judges assigned to the instant case to recuse themselves, and this case be reviewed by a multi-district litigation panel. The magistrate judge denied the motion on May 5, 2022. ECF No. 11.

May 20, 2022:    ECF No. 18: Petitioner filed what appears to be a renewed motion to intervene or motion to vacate the magistrate judge's May 5, 2022 order. Petitioner also renewed his request for recusal and challenges the court's jurisdiction.

June 3, 2022:    ECF No. 22: Petitioner filed an additional motion with supplements. In this motion, Petitioner argues for default and forfeiture, based on Respondent's failure to substantively respond in this case and/or Respondent's alleged "default at the state level," concerning Respondent's actions or inactions in cases other than the instant one. Petitioner also seeks an evidentiary hearing and renews his motion to intervene, to transfer, and challenging the Court's jurisdiction.

| | |
|---|---|
| June 23, 2022: | ECF No. 29: Respondent filed its first motion for extension of time to make a return or otherwise plead to Petitioner's habeas petition, which the magistrate judge granted the same day. ECF No. 30. |
| June 26, 2022: | ECF No. 32: Petitioner filed a motion in opposition to Respondent's first motion for extension of time. |
| July 5, 2022: | ECF Nos. 35 & 36: Petitioner filed two additional motions: (1) a "motion to vacate [ECF No.] 30 order on motion for extension of time," concerning the magistrate judge's June 23, 2022 order, and (2) a "motion to challenge the district court jurisdiction to issue a report and recommendation." |
| July 22, 2022: | ECF No. 39: Respondent filed a second motion for extension of time to make a return or otherwise plead to Petitioner's habeas petition, which the magistrate judge granted on July 25, 2022. ECF No. 40. |
| July 25, 2022: | ECF No. 42: Petitioner filed an additional "motion for an extension of time to respond and be given full opportunity to litigate and move to strike the July 7, 2022 Respondent pleading." |
| Aug. 5, 2022: | ECF No. 45: Plaintiff filed an additional motion, reiterating again arguments made in previously filed motions, particularly regarding the magistrate judge's granting of Respondent's two motions for extension of time. |
| Aug. 11, 2022: | Petitioner filed a writ of mandamus with the Fourth Circuit in Case No.22-1852 seeking "That Judge(s) Hodges, Cherry, Wooten, Gergel and any other relevant judge recuse themselves and transfer the related cases to Judge Austin in before whom we seek to invoke the magistrate state and seek her jurisdiction over all matters." |
| Aug. 18, 2022: | ECF No. 48. Respondent filed a motion to make a more definite and certain statement pursuant to Fed. R. Civ. P. 12(e) and/or to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) & (2) or *Rose v. Lundy*, 455 U.S. 509 (1982). The magistrate judge directed petitioner to respond to this motion by September 21, 2022. ECF No. 51. |

Aug. 31, 2022:      ECF No. 57: Petitioner filed a motion for extension of time to respond to Respondent's August 18, 2018 motion and to reply in support of Petitioner's motion filed on August 5, 2022.

Sept. 19, 2022:     ECF No. 61: Petitioner filed a notice of appeal to the Fourth Circuit concerning the magistrate judge's May 5, 2022 order denying his motion for Crawford to intervene.

Sept. 21, 2022:     ECF Nos 66 & 67. Respondent filed the instant motion for summary judgment.

Sept. 26, 2022:     ECF No. 70: Petitioner filed a motion to stay and to supplement the writ of mandamus. The magistrate judge denied Petitioner's motion to the extent that it sought a stay, reminding Petitioner to respond to Respondent's motion for summary judgment no later than October 24, 2022. ECF No. 71.

Oct. 3, 2022:      ECF No. 73: Treating Petitioner's September 26th filing as a response to its motion for summary judgment, Respondent filed a reply to Petitioner's purported response. Further, Respondent requested that the magistrate judge hold the case in abeyance until the outcome of Respondent's dispositive motions.

Oct. 4, 2022:      ECF No. 74: the magistrate judge entered a text order granting Respondent's motion to hold the case in abeyance. The magistrate judge further reminded Petitioner of the deadline for him to file his response to Respondent's motion for summary judgment.

Oct. 26, 2022:     ECF No. 77: Petitioner filed a document entitled "Motion to Hold in Abeyance the Court's Order Dated October 4, 2022." The magistrate judge noted in a subsequent text order, ECF No. 78, that she considered this motion to be Petitioner's response to Respondent's pending dispositive motions.

Nov. 11, 2022:     ECF No. 81: The magistrate judge filed the instant Report recommending that this Court grant Respondent's motion for summary judgment and dismiss the petition.

Dec. 5, 2022:      ECF No. 87: Petitioner filed a motion for extension of time to file objections to the Report. He requested that he be allowed until January 6, 2023, to file his objections. The Court notes, again, that no objections have been filed to the Report. This motion is now moot.

Dec. 16, 2022:      ECF No. 90: Petitioner filed documents meant for the Fourth Circuit with the district court. Those documents were then forwarded to the Fourth Circuit.

This is the extensive factual and procedural history of this case.

## THE PARTIES' ARGUMENTS & THE MAGISTRATE JUDGE'S REPORT

Petitioner filed the instant § 2254 petition on April 13, 2022, against the warden of the facility in which he is imprisoned, Respondent. ECF No. 1. As noted in the Report, Petitioner asserts the following grounds in support of his petition:

1. Do the United States Supreme Court holdings under *Fortbent County Texas v. Davis*, 139 S. Ct . 1843 (U.S. 2019) and *Hall v. Hall*, 138 S.Ct. 1118 . . . (U.S. 2018) apply to the states by the Petitioner(s) 5th. and 14th. Amendment rights under the U.S. Constitution as it pertains to the due process clause and their rights under the 14th. Amendment equal protection of the laws clause as it pertains to procedural processing rules and orders that trigger a judgment related to the *Torrence* ruling coming from the state of South Carolina?

2. [Does] the presence of Judge Kaye Hearn from the S.C. Supreme Court sitting upon these cases produce a constitutional structural error pursuant to *Williams v. Pennsylvania*, 136 S.Ct. 1899 . . . (U.S. 2016) where she is a defendant in the related cases that are sought 28 U.S.C. § 1407 transfer producing a potential for bias that rises to an unconstitutional level voiding the state court's jurisdiction under the constitutional prong to subject matter jurisdiction?

3. Do the United States Supreme Court holdings under *Betterman v. Montana*, 136 S.Ct. 1609 . . . (U.S. 2016), under *Montgomery v. Louisiana*, 136 S.Ct. 718 . . . (U.S. 2016), under *Nelson v. Colorado*, 137 S.Ct. 1249 . . . (U.S. 2017), and under Wearry v. Cain, 136 S.Ct. 1002. . . (U.S. 2016) apply to the Crawford case producing exceptional and or extraordinary circumstances where the other inmates are entitled to

claims of non party res judicata and or collateral estoppel due to the state of South Carolina concealing, suppressing evidence of actual innocence in the form of DNA evidence and sled investigative file, also blocking Crawford from filing for post conviction relief behind religious and racial hatred for over (16) years without any judicial order determining why and the legal issues argued within all their cases are essentially the same and or identical?

4.   Did the Petitioner(s) meet the criterion for establishing 28 U.S.C. § 1407 and 1455(c) transfer due to the seeking of disqualifying the 4th. Circuit seeking transfer to the state of New Jersey by the multi-district litigation rules?

5.   By the recent and past rulings coming out of the United States Supreme Court since 2016, did the state courts abuse[] their discretion by adjudicating the issue of fatal defects of criminal indictment under the legislative prong to subject matter jurisdiction when due process law required that such issues be adjudicated under the constitutional prong to subject matter jurisdiction?

ECF No. 81 at 7–8 (quoting ECF No. 1 at 5–10, 17–18 (errors in original)). In response, Respondent moved for summary judgment arguing that Petitioner's claims were barred by the statute of limitations as set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 66 at 53–54.

The magistrate judge agreed with Respondent and based on a review of the procedural history of Petitioner's case, found that his § 2254 petition is barred by AEDPA's statute of limitations. Hence, she recommended that this Court grant Respondent's motion for summary judgment, deny Petitioner's outstanding motions, and dismissing the petition. This recommendation is discussed in detail further below in the Court's analysis. Additionally, the magistrate judge, "in an abundance of caution", addressed Petitioner's recusal motion and found that recusal was not warranted. ECF No. 81 at 25.

Petitioner did not file objections to the Report. Initially, he was given until November 8, 2022, to file objections. ECF No. 81. He did not. As noted above, Petitioner filed a motion for extension of time on December 5, 2022, requesting until January 6, 2023, to file objections. ECF No. 87. Again, he did not file objections. Accordingly, there are no pending objections before the Court. However, due to the long history of this case, the extensive briefing provided by the parties, and the detailed nature of the Report, the Court will address the substance of the Report's analysis and recommendation.

## STANDARD OF REVIEW

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## ANALYSIS

In reverse order, the Court will first review the magistrate judge's conclusion regarding recusal before proceeding to the merits of the Report and the magistrate

judge's recommendation.

## A.    THE MAGISTRATE JUDGE CORRECTLY DENIED PETITIONER'S MOTION FOR RECUSAL

Petitioner seeks the recusal of multiple judges in this district, including both the magistrate judge and the undersigned; however, his substantive arguments are only targeted at the magistrate judge. ECF No. 8–1 at 5; ECF No. 18 at 5; ECF No. 35 at 6–7. The Court has reviewed these arguments and agrees with the magistrate judge that her recusal is not warranted in this case.

This circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (citations and quotations omitted); *see also* Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). However, when recusal is at issue, Courts look to the statute governing recusal: 28 U.S.C. § 455. That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

This question of impartiality is analyzed objectively, and courts consider whether a person with knowledge of the relevant facts and circumstances might reasonably question a judge's impartiality.[4] *United States v. Cherry*, 330 F.3d 658,

---

[4] As noted by the magistrate judge, "[f]or purposes of this statute, the hypothetical 'reasonable person' is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, 'may regard asserted conflicts to be more innocuous than an outsider would.'" ECF No. 81 at 26–27 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir.1998)).

665 (4th Cir. 2003). Recusal is not required where, as here, the party requesting recusal's request is based on "unsupported, irrational or highly tenuous speculation[.]" ECF No. 81 at 27 (quoting *Cherry*, 330 F.3d at 665 (internal quotations omitted)). Further, as outlined in the Report, § 455(b)(5) outlines specific instances where a federal judge's recusal is mandated. 28 U.S.C. § 455(b)(5). None of those instances are present here.

Petitioner's primary argument for the magistrate judge's recusal is based on her denial to allow Crawford to intervene and granting Respondent's motions for extension of time. Petitioner supports this argument with an allegation asserting that the magistrate judge engaged in or assisted Respondent in engaging in a conspiracy and/or fraudulent behavior. Petitioner provides no evidence to support this allegation. The Court finds that, as there is no factual basis to support these allegations, they are nothing more than "unsupported, irrational or highly tenuous speculation[.]" *Cherry*, 330 F.3d at 665. These allegations have no merit. As the magistrate judge correctly found in the Report, these allegations do not warrant her recusal in this matter. As well, because there are no substantial arguments or asserted facts made against the District Court, there is similarly no basis for the District Court to recuse itself.

### B.     THE REPORT CORRECTLY FOUND THAT THE PETITION IS UNTIMELY

The Court will now review the substance of the magistrate judge's Report whereby she concluded that the petition is subject to dismissal as untimely.

1.    **Timeliness under AEDPA**

The Anti-Terrorism and Effective Death Penalty Act of 1996 substantially modified the procedure for consideration of habeas corpus petitions made by state prisoners in federal courts. More specifically, the AEDPA amended 28 U.S.C. § 2244 to establish a one-year statute of limitations period for filing habeas petitions. Subsection (d), which specifically addresses petitions filed by "persons in custody pursuant to a judgment of a State court" provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244. The Court will now analyze the facts of this case in light of the applicable statute of limitations.

As noted in the Report, Petitioner's conviction became final pursuant to § 2244(d)(1)(A): the date on which the time for seeking direct review expired. As noted *supra,* Petitioner appealed his conviction to the South Carolina Court of Appeals. His appeal was denied on June 24, 2015. He did not file a petition for rehearing within the fifteen-day time limit set forth in SCACR 221(a). For purposes of AEDPA's one-year statute of limitations, the expiration of this deadline for rehearing (15 days) started Petitioner's initiated the running of the statute of limitations for Petitioner to file his federal habeas petition.[5] Accordingly, Petitioner's sentence became finale fifteen days after June 24, 2015, and the statute of limitations began to run on <u>July 8, 2015</u>.[6] (Hereinafter the Court will underline the relevant key dates).

The one-year limitations period then ran for <u>138 days</u> until Petitioner filed his first PCR action on <u>November 25, 2015</u>, tolling the statute until his PCR appeal concluded. Thereafter, the South Carolina Court of Appeals denied certiorari in the first PCR appeal and filed remittitur on <u>August 7, 2020</u>. The statute thus began to run again on this date.

Based on the previous <u>139 day</u> running of the statute of limitations,[7] Petitioner

---

[5] As noted in the Report, the failure to file a petition for rehearing in the South Carolina Court of Appeals prevented Petitioner from filing a petition for a writ of certiorari in the Supreme Court of South Carolina. ECF No. 81 at 18 (citing SCACR 242(c) and collecting cases discussing the rule). Failure to seek review in the relevant state supreme court bars a petitioner from seeking review in the Supreme Court of the United States. *Id.* at 18–19 (collecting cases).

[6] *See* SCACR 242(c) ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."); *see also Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

[7] The magistrate judge calculated this period to be 138 days; However, the time period between July 9, 2015 (per Rule 6, FRCP) and the date of filing of the PCR, November 25, 2015, is 139 days.

had 226 days remaining to file his habeas petition, *i.e.*, until <u>March 22, 2021</u>.[8] He filed his habeas petition well-past this deadline. The record shows the instant habeas petition was not filed until <u>April 11, 2022</u>—over a year passed the expiration date.[9] The record, as outlined, shows the habeas petition was filed <u>385 days</u> late. As noted above, Petitioner filed a second PCR action on August 8, 2019. However, this second PCR action did not toll the running of the statute because "it was not a properly-filed state PCR action and has been conditionally dismissed as time-barred and improperly successive under state law." ECF No. 81 at 20 (collecting cases). The magistrate judge outlines in detail why the second PCR action was not "properly filed." *Id.* His petition is thus untimely under 28 U.S.C. § 2244(d).

### 2.    Equitable Tolling

AEDPA's statute of limitations is subject to rare instances of equitable tolling, which could, in effect, extend the final date for filing a habeas petition. ECF No. 81 at 22 (citing *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000)). Both the Fourth Circuit and the Supreme Court have underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238,

---

[8] The magistrate judge calculated this deadline to be March 24, 2021. However, 226 days after August 7, 2020, is March 22, 2021.

[9] The Report states that the petition was filed on April 13, 2021. For purposes of calculating the statute of limitations, the filing date was April 11, 2023—the date petition was delivered to prison authorities for delivery. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that a prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).

246 (4th Cir. 2003) (en banc); *Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that § 2244 "is subject to equitable tolling in appropriate cases").

Here, Petitioner argues he is entitled to equitable tolling. As noted by the magistrate judge, his reasoning for entitlement remains "unclear." ECF No. 81 at 24. He asserts instances of fraud, conspiracy, and obstruction but has not explained how he was prevented from timely filing the instant petition. *Id.* He further argues that his stream of filings in various South Carolina courts entitles him to equitable tolling. *Id.* As analyzed by the magistrate judge, it does not. The magistrate judge correctly concluded that the statute of limitations does not merit tolling in this case. There is no basis for equitable tolling in this case. His petition, therefore, remains untimely and is subject to dismissal.

## CERTIFICATE OF APPEALABILITY

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing § 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

## CONCLUSION

The Court has carefully reviewed the substantive and procedural history of this case, along with the parties' filings, and the magistrate judge's detailed Report. There is no basis for recusal, and the Court has carefully reviewed and outlined the dates relevant to whether this habeas action was timely filed. Accordingly, for the

reasons stated both herein and by the magistrate judge, the Report, ECF No. 81, is **ACCEPTED**. Respondent's motion for summary judgment, ECF No. 67, is **GRANTED.** Petitioner's motion for relief pursuant to § 2254, ECF No. 1, is **DENIED** and **DISMISSED** as untimely. Further, to the extent necessary, Petitioner's remaining motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

_s/Terry L. Wooten_
Senior United States District Judge

February 7, 2023
Columbia, South Carolina