UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ron Santa McCray, #353031,<br><br>PETITIONER<br><br>v.<br><br>Warden at Lieber Correctional Institution,<br><br>RESPONDENT | Case No. 1:22-cv-1204-TLW<br><br><br>**ORDER** |

Petitioner Ron Santa McCray ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 7, 2023, the Court entered an order granting Respondent's motion for summary judgment, denying the petition, dismissing this action as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and denying Petitioner's remaining motions as moot. ECF No. 91. Since that order was entered, Petitioner has filed several more motions before this Court, which the Court construes as motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). For the reasons set forth herein, those motions are **DENIED**.

**MOTIONS PENDING BEFORE THE COURT**

(1) ECF No. 94: motion to vacate the final order pursuant to Rule 60(b)(3) for fraud upon the court, motion to intervene, motion to transfer case, motion to challenge the S.C. District Court's Jurisdiction filed by Petitioner and Lawrence Crawford;[1]

(2) ECF No. 97: motion remove, motion to challenge the S.C. District Court's jurisdiction filed by Petitioner and Lawrence Crawford;

---

[1] Crawford is a fellow inmate of Petitioner whose name often appears on Petitioner's pleadings and other filings. Crawford previously filed a motion to intervene in this action asserting that he "is the fiduciary heir and member of the sole corporation and [Petitioner] is the beneficiary of the trust . . . ." ECF No. 8–1 at 4. The magistrate judge denied this motion finding that Crawford, as a party with "a derivative or tangential interest in the outcome in a habeas action [is] not entitled to intervene." ECF No. 11 at 1 (citations omitted).

(3) ECF No. 98: motion to renew motions to vacate the final orders and various other motions filed by Crawford, and

(4) ECF No. 102: motion for extension of time to file reply to Respondent's response in opposition to ECF No. 96 filed by Petitioner and Crawford.

## BACKGROUND

Petitioner is an inmate incarcerated within the South Carolina Department of Corrections at Liber Correctional Institution. ECF No. 91 at 3. In 2011, he was found guilty and sentenced to a term of life imprisonment. *Id.* As reviewed in detail in the Court's prior order, Petitioner appealed his conviction, which was affirmed, then filed two applications for post-conviction relief ("PCR"). *Id.* The first PCR Court denied and dismissed the PCR application by order with prejudice and the South Carolina Court of Appeals denied certiorari when Petitioner appealed this order. *Id.* at 3–4. The second PCR Court conditionally dismissed the second PCR application on the grounds it was time barred and improperly successive under state law. *Id.* at 4. Petitioner filed his § 2254 habeas petition on April 13, 2022. *Id.* at 5. Respondent thereafter moved for summary judgment on the grounds that the petition was time barred. *Id.*

In an extensive 17-page written order, this Court adopted the magistrate judge's 30-page Report and Recommendation, granted Respondent's motion for summary judgment, and dismissed the petition as time barred. *See Id.* Specifically, the Court found that the habeas petition was filed 385 days outside of AEDPA's statute of limitation. *Id.* at 15. The Court further found that the petition was not entitled to equitable tolling and declined to issue a certificate of appealability. *Id.* at 15–16. This action was then dismissed. *Id.* at 16–17.

## ANALYSIS

The first three motions, ECFs No. 94, 97 & 98, reraise arguments presented in prior motions to this Court and each motion asks this Court to "vacate the final order," ECF No. 94 at 4, "vacate the final order pursuant to Rule 60(b)(3)," ECF No. 97, or allow Crawford to renew his motions as a would-be intervenor, ECF No. 98. Based on its review of these motions, the Court will construe them as motions for relief from a final judgment, order, or proceeding under Rule 60(b) of the Federal Rules of Civil Procedure. Upon careful review of these motions, ECFs No. 94, 97 & 98, the Court finds that Petitioner has not established grounds for relief from the Court's February 7, 2023 order dismissing his petition as untimely under AEDPA's statute of limitations.

Petitioner directly invokes Rule 60(b)(3), which states, in relevant part, that a court may relieve a party from a final judgment or order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). In *Schultz v. Butcher,* the Fourth Circuit held that a moving party must establish three factors in order to state a successful Rule 60(b)(3) motion: "(1) the moving party must have a meritorious [claim]; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." 24 F.3d 626, 630 (4th Cir. 1994) (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.,* 657 F.2d 68, 71 (4th Cir.1981)). "In considering a motion under Rule 60(b)(3), a district court retains the discretion to discern whether a moving party's allegations of unfair judgment are more properly classified as requests that the district court merely 'change its mind.'" *Tyson v. Ozmint,* 246 F.R.D. 517, 519–20 (D.S.C. 2007). "Essentially, Rule 60(b)(3)

provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous." *Id.* (citing *Schultz,* 24 F.3d at 630).

The crux of Petitioner and Crawford's allegations assert that the Court's February 7, 2023 order, the magistrate judge's report and recommendation, and other orders issued by this Court, the South Carolina state courts, and other courts across the country were the product of a wide ranging fraud and/or conspiracy. *See* ECF No. 94 at 4 (alleging that both judges in this district and the South Carolina state courts are "being influenced, compromised, from external forces and or ex parte engagement with the defendants or parties in this case and where these judges essentially sat upon their own case and or where the potential for bias rises to an unconstitutional level [.]"); ECF No. 98 at 18 (noting that "[t]he Petitioners highlighted the fraud and obstruction continuously going on involving the S.C. District Court and parties, even conspiring across multiple state and federal jurisdictions with even the State of Missouri PCR court now."). Both this Court and the magistrate judge have addressed Petitioner's conclusory allegations of fraud before and found them unsupported. *See* ECF No. 91 at 12 (finding that Petitioner's "allegations do not warrant [the magistrate judge's] recusal in this matter. As well, because there are no substantial arguments or asserted facts made against the District Court, there is similarly no basis for the District Court to recuse itself.); ECF No. 81 at 27 (noting that recusal is not required where a recusal request is based on "unsupported, irrational or highly tenuous speculation[.]") (citing *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)).

"In order to state a claim for relief under Fed. R. Civ. P. 60(b)(3), [a] Plaintiff must prove the alleged misconduct of Defendant by clear and convincing evidence." *Reed-Smith v. Spartanburg Cnty. Sch. Dist. Seven*, No. 7:11-CV-00970-JMC, 2015 WL 892960, at *3 (D.S.C. Mar. 3, 2015), *aff'd*, 603 F. App'x 227 (4th Cir. 2015). Based on its review of the motions, the Court again finds that there is thus no basis for the Court to relieve Petitioner from judgment under Rule 60(b)(3). Neither Petitioner nor his would-be intervenor, Crawford, have presented any "clear and convincing evidence" in support of his allegations of a multi-jurisdictional, widespread fraud or conspiracy. While a "deliberately planned and carefully executed scheme to defraud, if proven, would certainly provide the district court one avenue for vacating the original judgment . . . unsupported allegations of fraud alone, without evidence, are not grounds for vacating a judgment under Rule 60(b)(3)." *Tyson*, 246 F.R.D. at 520–21 (cleaned up); *Samuel v. Dickey*, No. 4:12-CV-2277-TLW-TER, 2016 WL 11410293, at *6 (D.S.C. Feb. 17, 2016), *report and recommendation adopted*, No. 4:12-CV-2277-TLW, 2016 WL 1253181 (D.S.C. Mar. 31, 2016) ("Unsupported allegations of fraud alone, without evidence, are not grounds for vacating a judgment under Rule 60(b)(3).") (citing *Harris v. Mapp*, 719 F.Supp. 1317, 1328 (E.D. Va. 1989)). Without a sufficient showing of the alleged misconduct, Petitioner is not entitled to relief under Rule 60(b)(3).

Crucially, none of the present filings challenge the Court's conclusion: that the petition was untimely. As noted, both the Court and the magistrate judge conducted an extensive analysis of Petitioner's underlying trial and conviction, the exhaustion of his direct appeals, his first PCR action, his second PCR action, and the instant § 2254 petition. This analysis concluded that AEDPA's statute of limitations had expired over

a year before the § 2254 petition was filed. The result being that Respondent was entitled to summary judgment and the petition was subject to dismissal. None of the present filings directly challenge this conclusion. There is thus no basis for relief under Rule 60(b)(3).  from the Court's February 7, 2023 order. Doing so would only serve to undermine "the important consideration of finality of judgments [.]" *Schultz*, 24 F.3d at 631.

## CONCLUSION

The Court has again carefully reviewed the substantive and procedural history of this case, along with the parties' filings. For the reasons set forth above, the Court **DENIES WITH PREJUDICE** Petitioner and Crawford's motions seeking relief from the Court's February 7, 2023 order dismissing the petition.[2]

**IT IS SO ORDERED.**

*s/Terry L. Wooten*<br>
Senior United States District Judge

May 1, 2023
Columbia, South Carolina

---

[2] Based on this ruling, the Court **DENIES** Petitioner and Crawford's motion for an extension of time to file a reply to Respondent's response in opposition, ECF No. 102, as **MOOT**. *See* D.S.C. Local Rule 7.07 ("Replies to responses are strongly discouraged").