UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence L. Crawford, *a/k/a* Jonah the Tishbite, *a/k/a* Gabriel Jahjah T. Tishbite, *a/k/a* John Gabriel Jahjah Tishbite,<br><br>MOVANT-INTERVENOR<br><br>and<br><br>Ron Santa McCray, #353031,<br><br>PETITIONER<br><br>v.<br><br>Warden at Lieber Correctional Institution,<br><br>RESPONDENT | Case No. 1:22-cv-1204-TLW<br><br><br><br>ORDER |

This matter is before the Court on the United States Court of Appeals for the Fourth Circuit's order remanding this case for the limited purpose of allowing this Court to rule on Lawrence L. Crawford, *a/k/a* Jonah the Tishbite,[1] *a/ka/* Gabriel Jahjah T. Tishbite, *a/k/a*, John Gabriel Jahjah Tishbite's ("Crawford") motion to reopen the appeal period. ECF No. 103. For the reasons set forth below, Crawford's motion, ECF No. 61, is **DENIED.**

## FACTUAL AND PROCEDURAL HISTORY

The petitioner in this action, Ron Santa McCray ("Petitioner") is an inmate incarcerated within the South Carolina Department of Corrections at Liber

---

[1] *Tishbite* is a term used to describe the prophet Elijah in the Hebrew Bible. It is the demonym for Tishbe, a town identified in the First Book of Kings, 1 Kings 17:1, and used to denote the town as the prophet's residence or possibly his birthplace. According to the text, Tishbe was in the historical region of Gilead, which is now in western Jordan. However, historians and Biblical scholars debate if its ruins have yet been discovered or if the town ever existed.

Correctional Institution. ECF No. 105 at 2. In 2011, he was found guilty of one count of murder and sentenced to a term of life imprisonment. *Id.* Following his conviction, Petitioner filed a direct appeal, and his conviction and sentence were affirmed. *Id.* After his direct appeal, he filed two state post-conviction relief actions, which were either denied or dismissed by the state PCR courts. *Id.* Petitioner then sought to collaterally attack his conviction and sentence in federal court by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 13, 2022. ECF No. 1. The petition was referred to the Honorable Shiva V. Hodges, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B).

After the petition was filed, Petitioner's fellow inmate, Crawford, moved to intervene in Petitioner's habeas action on April 8, 2022. ECF No. 8 In that motion, Crawford argued that he was entitled to intervention because he "is the fiduciary heir and member of the sole corporation and [Petitioner] is the beneficiary of the trust . . . ." ECF No. 8–1 at 4. On May 5, 2022, the magistrate judge entered an order denying Crawford's motion to intervene because "[p]arties who have a derivative or tangential interest in the outcome in a habeas action are not entitled to intervene." ECF No. 11 at 1 (citations omitted). The magistrate judge's order was mailed to Crawford the next day, on May 6, 2022. ECF No. 13. Notably, it was *not* returned as undeliverable.

Fourteen days—on May 20, 2022—after the order was mailed to Crawford, he and McCray jointly moved to vacate the order and sought the magistrate judge's recusal. ECF No. 18. Four months later, on September 19, 2022, Crawford filed a

notice of appeal of the magistrate judge's order. ECF No. 61. In his notice of appeal, Crawford sought "leave to appeal out of time and or beyond the time limit due to lack of service and or proper notice by the S.C. District Court." *Id.* at 3. In support of this, he asserts "Petitioner/Intervenor Crawford never received a copy of the order in question violating his constitutional rights of due process which denied him just and fair opportunity to appeal it as a matter of right and law." *Id.* at 4. He states that he only became aware of the magistrate judge's order because Petitioner "just sent the Intervenor Crawford a copy of the District Court's order in question on September 12, 2022." *Id.*

Three days later, on September 21, 2022, the Respondent Warden moved for summary judgment. ECF No. 67. Neither Petitioner nor Crawford opposed the Warden's motion. On November 8, 2022, the magistrate judge entered a detailed report and recommendation recommending that this Court grant the Warden's unopposed motion for summary judgment. ECF No. 81. Additionally, the report analyzed the substance of Petitioner and Crawford's other numerous outstanding motions, including ECF No. 18: their May 20th motion seeking the magistrate judge's recusal and the vacatur of her order denying Crawford's motion to intervene. ECF No. 81 at 8–9, 25–29. The magistrate judge noted that, should this Court accepted her recommendation to grant the Warden's motion for summary judgment, "the majority of Petitioner's pending motions would be rendered moot. However, in an abundance of caution, the undersigned addresses Petitioner's arguments [in ECF No. 18]." *Id.* at 25. After reviewing the substance of that motion, the magistrate

judge denied it.

Neither Petitioner nor Crawford filed objections to the report, despite being given additional time to do so. On February 7, 2023, this Court accepted the magistrate judge's recommendation to grant the Warden's motion for summary judgment. ECF No. 91. Despite their being no outstanding objections, this Court issued a detailed order reviewing the factual and procedural history of this action and listing each motion filed by Petitioner and Crawford and the relief sought in each. ECF No. 91. This included their motion requesting both the magistrate judge's recusal and the vacatur of the order denying Crawford's motion to intervene, ECF No. 18. *See id.* at 2 n. 1, 5, 11–12. In its order, the Court found that the magistrate judge's recusal was unwarranted and that the petition was untimely and subject to dismissal. *Id.* at 11–17. Further, to the extent necessary the Court denied any remaining motions as moot considering the dismissal of the petition. *Id.* at 1, 17. Petitioner and Crawford moved to vacate the Court's order accepting the report, which was denied via a detailed written order on May 1, 2023, ECF No. 105. They have not appealed either the Court's February 7th order accepting the report or its May 1st order denying their motions to vacate, and the time for doing so has now run. *See* Fed. R. App. P. 4(a)(1) ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

On April 24, 2023, the Fourth Circuit issued an order remanding the case back to this Court. In that order, the Fourth Circuit liberally construed Crawford's

September 19th notice of appeal and concluded that, because:

> Crawford's notice of appeal suggests that Crawford did not timely receive notice of the denial of his motion to intervene, we construe the notice of appeal as a motion to reopen the appeal period under Fed. R. App. P. 4(a)(6) . . . and remand this case to the district court for the limited purpose of determining whether Crawford can satisfy the requirements for reopening set forth in Rule 4(a)(6).

ECF No. 103 at 3 (internal case citations omitted).

## APPLICABLE LAW

Federal Rule of Appellate Procedure 4(a)(6) provides:

> **(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

## ANALYSIS

The Court concludes that Crawford cannot meet his burden of establishing the conditions for reopening the time to file an appeal as set forth in Rule 4(a)(6)(A)–(C) of the Federal Rules of Appellate Procedure. Specifically, Crawford cannot meet the first condition of showing that he did not receive notice of the

magistrate judge's entry of judgment or her order denying his motion to intervene within 21 days of its entry. Fed. R. App. P. 4(a)(6)(A). While Crawford asserts that he did not receive the magistrate judge's order until September 12, 2022, the Court finds this not to be the case.

The record shows that the order and judgment Crawford seeks to appeal, the magistrate judge's May 5, 2022 order denying his motion to intervene, was timely mailed to Crawford on May 6, 2022. ECF No. 13. The order was not returned as undeliverable. However, Crawford asserts that he still never received the magistrate judge's order, which "may have been a clerical error, or it may have been an error on the part of the institution in which he is housed due to their recent problems in the institution mail room." ECF No. 61.

Yet, despite this assertion, the record clearly reflects that McCray and Crawford moved to both recuse the magistrate judge and vacate the vacate her order denying Crawford's motion on May 20, 2022—14 days after the order was mailed to Crawford. ECF No. 18. Helpful for the Court's review here, Crawford notes the date he in fact received the magistrate judge's order:

> Insomuch, the Petitioners received the District Court's order denying the intervention and 1407 transfer on May 11, 2022. This gives the Petitioner(s) [10] days until May 22, 2022 to move to vacate the order for fraud upon the court and file objections to it pursuant to Fed. Rule 72(a) and 60(b)(3) tolling [sic] time of appeal. This document being placed within the institutional mailbox on May 16, 2022 makes this filing timely.

*Id.* at 7–8. To the extent that Crawford would argue that the use of the term "Petitioner" in this document does not encompass him in his role as "Intervenor",

the Court would note that the motion is signed in Crawford *a/k/a* Jonah the Tishbite's hand and dated May 15, 2022—10 days after the magistrate judge's order was entered:

> RESPECTFULLY,
> RON SANTA McCRAY
>
> *Ron S McC*
>
> JONAH THE TISHBITE
>
> MAY 15, 2022

*Id.* at 12.

Based on the Court's review of the motion to vacate and the parties' request to have the magistrate judge recused, it finds that Crawford's assertion in his notice of appeal that he did not receive the magistrate judge's order until September 12, 2022 to not be credible. The record is clear: Crawford received notice of the entry of the magistrate judge's order and the order itself within 21 days of its entry. *See* Fed. R. App. P. 4(a)(6)(A). He then actively sought both to vacate the order and have the magistrate judge recuse herself within days of receiving it. Before receiving a ruling on this motion, the two filed their appeal of her order on September 19, 2022. The magistrate judge denied the motion to vacate on November 8, 2022. Neither Crawford nor Petitioner objected to the denial of the motion. This Court accepted the magistrate judge's denial on February 7, 2023, along with her recommendation to dismiss the petition as untimely. Based on its thorough review of the record, the Court finds that Crawford cannot satisfy the conditions set forth in Fed. R. App. P.

(4)(6)(A). Accordingly, Petitioner and Crawford's motion to reopen the appeal period, ECF No. 61, is **DENIED.**[2]

**IT IS SO ORDERED.**

*s/Terry L. Wooten*
Senior United States District Judge

July 14, 2023
Columbia, South Carolina

---

[2] Because Crawford cannot satisfy the first requirement of Rule 4(a)(6), the Court declines to address the other two requirements.