UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ron Santa McCray, #353031,<br><br>PETITIONER<br><br>v.<br><br>Warden at Lieber Correctional Institution,<br><br>RESPONDENT | Case No. 1:22-cv-1204-TLW<br><br><br>**ORDER** |

This matter is before the Court on Petitioner Ron Santa McCray ("Petitioner") and Lawrence L. Crawford, *a/k/a* Jonah the Tishbite, *a/ka/* Gabriel Jahjah T. Tishbite, *a/k/a*, John Gabriel Jahjah Tishbite's ("Crawford") "Motion for 4th Circuit Intervention Seeking Declaratory Judgment Due to Violation of the Mandate Rule," motion to vacate the Respondent Warden's response to their motion for Fourth Circuit intervention, "Motion for Injunction," and motion to strike. ECF Nos. 109, 111, 116 & 120. For the following reasons, those motions are **DENIED.**

## FACTUAL AND PROCEDURAL HISTORY

The petitioner in this action, Ron Santa McCray ("Petitioner") is an inmate incarcerated within the South Carolina Department of Corrections at Liber Correctional Institution. ECF No. 105 at 2. In 2011, he was found guilty of one count of murder and sentenced to a term of life imprisonment. *Id.* Following his conviction, Petitioner filed a direct appeal, and his conviction and sentence were affirmed. *Id.* After his direct appeal, he filed two state post-conviction relief

actions, which were either denied or dismissed by the state PCR courts. *Id.* Petitioner then sought to collaterally attack his conviction and sentence in federal court by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 13, 2022. ECF No. 1. The petition was referred to the Honorable Shiva V. Hodges, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B).

After the petition was filed, Petitioner's fellow inmate, Crawford, moved to intervene in Petitioner's habeas action on April 8, 2022. ECF No. 8. In that motion, Crawford argued that he was entitled to intervention because he "is the fiduciary heir and member of the sole corporation and [Petitioner] is the beneficiary of the trust . . . ." ECF No. 8–1 at 4. On May 5, 2022, the magistrate judge entered an order denying Crawford's motion to intervene. ECF No. 11 at 1.

On September 19, 2022, Crawford filed a notice of appeal of the magistrate judge's order. ECF No. 61. On September 21, 2022, the Respondent Warden moved for summary judgment. ECF No. 67. Neither Petitioner nor Crawford opposed the Warden's motion. On November 8, 2022, the magistrate judge entered a detailed report and recommendation recommending that this Court grant the Warden's unopposed motion for summary judgment. ECF No. 81. Neither Petitioner nor Crawford filed objections to the report, despite being given additional time to do so. On February 7, 2023, this Court accepted the magistrate judge's recommendation to grant the Warden's motion for summary judgment. ECF No. 91. Despite their being no outstanding objections, this Court

issued a detailed order reviewing the factual and procedural history of this action and listing each motion filed by Petitioner and Crawford and the relief sought in each. ECF No. 91. Ultimately, the Court concluded that the petition was barred by the Anti-Terrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations. *Id.* at 12–16; *see also* 28 U.S.C.A. § 2244. Petitioner and Crawford moved to vacate the Court's order dismissing the petition, which was denied via a detailed written order on May 1, 2023. ECF No. 105.

On April 24, 2023, the Fourth Circuit issued an order remanding the case back to this Court. In that order, the Fourth Circuit liberally construed Crawford's September 19th notice of appeal and concluded that, because:

> Crawford's notice of appeal suggests that Crawford did not timely receive notice of the denial of his motion to intervene, we construe the notice of appeal as a motion to reopen the appeal period under Fed. R. App. P. 4(a)(6) . . . and remand this case to the district court for the limited purpose of determining whether Crawford can satisfy the requirements for reopening set forth in Rule 4(a)(6).

ECF No. 103 at 3. The thrust of the remand relates to the Crawford's notice of the magistrate judge's denial of his motion to intervene and his motion to reopen the appeal period. On July 14, 2023, the Court entered an order in response to the Fourth Circuit's remand of Crawford's interlocutory appeal of the magistrate judge's order and denied his motion to file an out of time appeal. ECF No. 117. The basis for the Court's denial was its conclusion that Crawford could not satisfy the requirements of Federal Rule of Appellate Procedure 4(a)(6) because

he had sufficient notice of the magistrate judge's denial of his motion to intervene. *Id.*

## **DISCUSSION**

Although each of the four motions is titled differently, they all rest on the same legal premise. Accordingly, the Court will address them as one. In their motions, Petitioner and Crawford assert that the Court did not have jurisdiction to enter the May 1st order denying Petitioner and Crawford's motions to vacate the Court's February 27, 2023 order dismissing Petitioner's § 2254. *See generally* ECF Nos. 109, 111, 116 & 120. Specifically, Petitioner and Crawford argue that the Court violated the "mandate rule" because the Court's May 1st order addresses issues outside of the Fourth Circuit's remand of Crawford's interlocutory appeal of the magistrate judge's denial of his motion to intervene. *Id.*

Crawford and Petitioner assert that, because the Fourth Circuit's remand of Crawford's interlocutory appeal was only "for the limited purposes of determining whether Crawford can satisfy the requirements for reopening" the time for appealing the magistrate judge's order denying his motion to intervene, that the Court is barred from adjudicating their other motions, *i.e.*, their several motions to vacate. *See* ECF No. 103 at 2. The Court concludes otherwise. The mandate rule "forecloses relitigation of issues *expressly or impliedly decided* by the appellate court." *United States v. Bell,* 5 F.3d 64, 66 (4th Cir. 1993) (emphasis added); *see also Doe v. Chao,* 511 F.3d 461, 464–66 (4th Cir. 2007).

Pursuant to this rule,

> once *the decision of an appellate court* establishes the law of the case, it must be followed in all subsequent proceedings in the same case in the trial court... unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

*United States v. Lentz,* 524 F.3d 501, 528 (4th Cir. 2008) (internal quotation marks and emphasis omitted).

The Court concludes that the mandate rule is inapplicable here. First, the Fourth Circuit's remand was in order to determine whether Crawford could satisfy the requirements for opening the time to file an appeal. There has been no "decision of an appellate court" expressly or implicitly deciding any issue on appeal. The purpose of the remand was for this Court to determine whether Crawford could meet the requirements of the rule for reopening the appeal period. Second, Crawford's interlocutory appeal of the magistrate judge's motion to vacate is unrelated to the Court's February 27th and May 1st orders. The first order found that Petitioner's action—the action in which Crawford seeks to intervene—is time barred under AEDPA's statute of limitations. The second order found that there was no basis to vacate the Court's February 27th order. Accordingly, even if the Fourth Circuit had issued a mandate covered by the mandate rule, that mandate would not apply to the issues adjudicated in the Court's May 1st order since the mandate would *only* relate to Crawford's interlocutory appeal of the magistrate judge's order denying his motion to

intervene. Hence, the Court had jurisdiction to enter the May 1st order denying Petitioner and Crawford's motions to vacate.

## CONCLUSION

Crawford and Petitioner challenge the Court's jurisdiction to enter its May 1st order under the mandate rule. The Court finds that the mandate rule is inapplicable and that it had jurisdiction to enter the order. Accordingly, for the reasons set forth above, Crawford and Petitioner's motions, ECF Nos. 109, 111, 116 & 120 are **DENIED.**

**IT IS SO ORDERED.**

                                                           _s/Terry L. Wooten_____
                                                   Senior United States District Judge

July 26, 2023
Columbia, South Carolina